IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRITTANY S. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  2:11-cv-964-MEF |
| ) | [WO – Do Not Publish] |
| RAYMOND ROGERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brittany S. Cooper brings a number of constitutional claims against Defendants Raymond Rogers and Curtis Pritchett, the Sheriff of Bullock County and the Chief Administrator of the Bullock County Jail, respectively.  The case is now before the Court on Defendants' motions (Docs. # 7, 8) to dismiss several of those causes of action and to strike fictitious defendants, to which Plaintiff has responded (Doc. # 13).  Having considered the arguments of the parties and the relevant law, the Court finds that Defendants' motions are due to be **GRANTED**.  Plaintiff will be directed to file an amended complaint consistent with the rulings herein.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## II. STANDARD OF REVIEW

Defendants generally invoke Federal Rule of Civil Procedure 12(b)(6) as the basis for this motion to dismiss. However, one of Defendants' grounds for dismissal is sovereign immunity, which is a challenge to subject matter jurisdiction under Rule 12(b)(1). *See Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010) (noting that "a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists" (citing *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996))).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction asserts either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. May 20, 1981)[1]); *accord Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529 (citation and internal quotation marks omitted). A facial attack, on the other hand, challenges the complaint on its face and "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*,

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

919 F.2d at 1529). In considering a facial attack, as with a Rule 12(b)(6) motion, the court must take as true the allegations in the complaint. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Defendants have made a facial attack on the Complaint, asserting that Plaintiff has not alleged an adequate basis for subject matter jurisdiction over her official capacity claims.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). In other words, a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545.

### III. BACKGROUND

Accepting as true the factual allegations in the Complaint, the Court finds the following facts:

On July 22, 2009, Plaintiff was arrested for an alleged probation violation and was taken to the Bullock County Jail. (Compl. ¶¶ 5-6.) On August 6, 2009, while still in the custody of the Bullock County Sheriff, Plaintiff learned from a doctor that she was pregnant.

(Compl. ¶¶ 9-10.)  The doctor wrote a diagnosis of pregnancy, which Plaintiff provided to the Bullock County Jail staff.  Thereafter, Plaintiff was placed on house arrest.  (Compl. ¶ 13.)

On September 24, 2009, "Plaintiff's probation was again revoked."[2]  (Compl. ¶ 14.) That same day, while in the Bullock County Jail, Plaintiff "began bleeding irregularly from her vaginal area and immediately reported it to . . . Officer Pritchett."  (Compl. ¶ 15.) Officer Pritchett responded that "Sheriff [Rogers] would send her to Tutweiler Prison if she continued to talk about the bleeding and [need for] medical attention."  (Compl. ¶ 16.)

On September 25, 2009, Plaintiff "notified a second jailor[,] Ruby Thomas[,] about her bleeding."  (Compl. ¶ 17.)  Instead of seeking medical attention for Plaintiff, Officer Thomas provided Plaintiff feminine hygiene products and over-the-counter pain relievers.

On September 26 and 27, 2009, Plaintiff complained to jailors Ruby Thomas and Dorothy Thomas.  On both days, the jailors did not seek medical attention, and instead supplied Plaintiff with additional feminine hygiene products and over-the-counter pain relievers.  (Compl. ¶¶ 19-20.)  Also on September 27, 2009, Plaintiff again requested assistance from Officer Pritchett.  Officer Pritchett informed Plaintiff that he was "off duty" and instructed Plaintiff "to pretend that he was invisible . . . ."  (Compl. ¶ 21.)

Plaintiff remained in the Bullock County jail an additional ten (10) days until October 7, 2009, when she finally persuaded Ruby Thomas to call Sheriff Rogers about her condition.

---

[2] It is unclear whether Plaintiff's probation was, in fact, revoked, or whether she was an arrestee waiting for a revocation hearing.  This will be discussed below.

4

Sheriff Rogers initially responded that Plaintiff had "better keep that baby in her." (Compl. ¶ 23.) Plaintiff then sought assistance from Dorothy Thomas, who called Sheriff Rogers a second time to seek permission to get Plaintiff medical assistance. Sheriff Rogers retreated from his original position, and called Plaintiff's probation officer, who instructed Sheriff Rogers to allow Plaintiff to seek medical attention. (Compl. ¶ 24.) When Plaintiff finally saw a doctor, she was informed that she had suffered a miscarriage. She also was informed that had she gotten to the hospital sooner, the baby might have been saved. (Compl. ¶¶ 24-25.)

Plaintiff brings four constitutional causes of action. Count I alleges a Fourteenth Amendment equal protection violation. (Compl. ¶¶ 26-31.) Count II alleges an Eighth Amendment deliberate indifference to serious medical needs claim. (Compl. ¶¶ 32-39.) Count III alleges a substantive due process violation under the Fourteenth Amendment. (Compl. ¶¶ 40-43.) Count IV alleges a general claim under 42 U.S.C. § 1983. (Compl. ¶¶ 44-48.) Plaintiff has sued Sheriff Rogers and Officer Pritchett in their individual and official capacities and seeks monetary (but not injunctive or declaratory) relief.

### IV. DISCUSSION

A. **Official Capacity Claims**

"Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating

that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Thus, Sheriff Rogers and Officer Pritchett are entitled to absolute immunity with regard to any claims for damages against them in their official capacities. Since all of Plaintiff's claims seek monetary damages exclusively, and not injunctive or declaratory relief, all claims against Sheriff Rogers and Officer Pritchett in their official capacities are to dismissed for lack of subject matter jurisdiction.[3] Similarly, the individual Defendants in their official capacities are not "persons" for purposes of § 1983 monetary relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

**B.     The § 1983 Claim (Count IV)**

Count IV is entitled "Deprivation of Rights (42 U.S.C. § 1983)" and alleges that Defendants violated Alabama and federal constitutional law in a variety of ways. (Compl. ¶ 45.) First, Plaintiff's § 1983 theories based on alleged deprivations of state law are due to be dismissed. *See Parratt v. Taylor*, 451 U.S. 527, 536 (1981) (§ 1983 plaintiff must allege deprivation of federal, not state, right). Second, to the extent that Plaintiff's § 1983 claim is a "stand-alone" claim, it is due to be dismissed. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (Section 1983 "creates no substantive rights, but merely provides a remedy for

---

[3] Plaintiff's omission of a request for injunctive or declaratory relief was, perhaps, intentional on the facts of this case. *See Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983) (Recognizing that the plaintiff's "standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of chokeholds by police officers[,]" and finding that the plaintiff lacked standing because "it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury").

deprivations of federal rights created elsewhere."). Third, to the extent that Plaintiff's § 1983 claim does allege deprivations of federal rights created elsewhere, namely the Eighth and Fourteenth Amendments, it is redundant to the claims asserted in Counts I, II, and III, all of which need § 1983 as their vehicle in this civil lawsuit. *See Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1269 (11th Cir. 2007). Accordingly, whatever Plaintiff's intent in Count IV, it is due to be dismissed either as a legal non-sequitur or a legal redundancy. As to Plaintiff's claims that survive this opinion, she is directed to incorporate § 1983 appropriately.

C.      **The Fourteenth Amendment Equal Protection Claim (Count I)**

As best as the Court can decipher, Plaintiff's Fourteenth Amendment Equal Protection claim alleges that Defendants have treated Plaintiff differently than other prisoners by seeking prompt and proper medical attention for other prisoners but not for Plaintiff. Plaintiff's equal protection claim is due to be dismissed. Plaintiff has not alleged that she was treated differently from other prisoners on account of some protected classification or that the unequal treatment was a manifestation of intentional discrimination. *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1319 (11th Cir. 2006) ("'a mere demonstration of inequality is not enough [to state an equal protection claim]" (quoting *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991))); *see also Snowden v. Hughes*, 321 U.S. 1, 8 (1944) ("The unlawful administration . . . of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection

unless there is shown to be present in it an element of intentional or purposeful discrimination.").

**D.     The Eighth Amendment Deliberate Indifference Claim (Count II)**

Defendant has not moved to dismiss Count II. However, because Plaintiff will be ordered to file an amended complaint, the Court wishes to note factual and legal ambiguities as regards this claim. The Supreme Court has said that "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Consistent with this statement, courts have held that pretrial detainees are not protected by the Eighth Amendment. *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1268 (11th Cir. 2005) ("[T]he Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pretrial detainees." (internal quotation marks and citations omitted)). Rather, "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eight Amendment's Cruel and Unusual Punishment Clause." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

The factual ambiguity in this case is whether Plaintiff, who was serving probation on a theft of property charge (Compl. ¶ 34) but was then arrested on an alleged violation of probation, was a post-conviction detainee or a pre-trial detainee. The Complaint is unclear

as to whether Plaintiff had been adjudicated guilty of violating her probation, *supra* n.2. Plaintiff is directed to resolve this ambiguity upon re-pleading.

The legal ambiguity is whether Plaintiff's status as a post-revocation (*i.e.*, post-conviction) detainee or pre-revocation (*i.e.*, pre-trial on the probation violation) makes any difference. Courts have considered the argument that such a detainee is always post-conviction since the punishment for violating probation is technically a revocation on the prior sentence. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 592-93 (7th Cir. 2003); *Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001); *Gannaway v. Berks Cnty. Prison*, 439 F. App'x 86, 89 n.2 (3d Cir. 2011). Either way, it makes no difference to the applicable legal standard. *Lancaster v. Monroe Cnty, Ala.,* 116 F.3d 1419, 1425 & n.6 (11th Cir. 1997) (concluding that "the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eight Amendment for a convicted prisoner" and that the standard is "violated by a government official's deliberate indifference to serious medical needs"). However, for the sake of factual clarity, Plaintiff is directed to resolve the factual ambiguity and style her cause of action appropriately.

E. **Violation of Fundamental Constitutional Right (Count III)**

Plaintiff alleges that Defendants' actions interfered with her fundamental right to raise a family, violating substantive due process. (Compl. ¶ 42.) Defendants contend that the

Fourteenth Amendment "simply does not ensure a right to raise a family." (Defs.' Mot. to Dismiss 2.)

The parties mistakenly style their substantive due process arguments as if Plaintiff is challenging legislative, and not executive, action. In *County of Sacramento v. Lewis*, the Supreme Court ruled that the substantive due process standard depends on whether the plaintiff is challenging legislative action or executive action. 523 U.S. 833 (1998). When the challenge is to executive action, the question is whether the government action is shocking to the judicial conscience. *Id.* at 846; *see also Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992). The alleged governmental actions for which Plaintiff seeks recompense are those of Sheriff Rogers and Officer Pritchett, members of the executive branch of the State of Alabama. Accordingly, Count III is due to be dismissed with leave to re-file in accordance with the above.

**F.**     **Fictitious Defendants**

Fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Accordingly, Defendants' motion to strike fictitious defendants (Doc. # 8) is due to be granted.

### V. CONCLUSION

Accordingly, it is ORDERED:

(1)     Defendants' Motion to Dismiss (Doc. # 7) is GRANTED;

(2)     Counts I and IV are DISMISSED with prejudice;

  (3)  Counts II and III are DISMISSED with leave to re-file; and

  (4)  Defendants' Motion to Strike Fictitious Defendants (Doc. # 8) is GRANTED.

Plaintiff is DIRECTED to file an Amended Complaint **on or before March 7, 2012**.

Failure to file an Amended Complaint by the deadline will result in dismissal of the action.

DONE this 27th day of February, 2012.

               /s/ Mark E. Fuller
              UNITED STATES DISTRICT JUDGE